IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CASSANDRA MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-353-KD-N |
| | ) | |
| CITY OF MOBILE, SAMUEL JONES, | ) | |
| CARLA SHUMOCK, AMELIA BROWN, | ) | |
| JOYCE GRISSETT, JACK DOVE, KEN | ) | |
| WILLIAMS, CHIEF MICHAEL T. | ) | |
| WILLIAMS, MOBILE POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Defendants have filed a Motion to Dismiss (doc. 38) one "party" to this action,

identified in plaintiff's Third Amended Complaint (doc. 26) as "Mobile Police

Department."  This matter has been referred to the undersigned pursuant to 28 U.S.C.

§636 and Local Rule 72.2(c) for preparation of a report and recommendation.

Defendants assert that, in Alabama, police departments are not separate legal

entities subject to suit, but are instead merely divisions of the relevant municipal

government.  In Lee v. Wood, 2007 WL 2460756 (S.D.Ala. August 27, 2007), this court

stated

> A city's police department in Alabama, however, is not a suable entity or a
> proper party under state law or for §1983 purposes.  Hawkins v. City of
> Greenville, 101 F.Supp.2d 1356, 1363 (M.D.Ala. 2000); *accord* Dean [v.
> Barber], 951 F.2d [1210] at 214 [(11th Cir. 1992)] ("Sheriff's departments
> and police departments are not usually considered legal entities subject to
> suit"); Eddy v. Miami, 715 F.Supp. 1553, 1556 (S.D.Fla. 1989)  ("Where a
> police department is an integral part of the city government as the vehicle
> through which the city government fulfills its policing functions, it is not
> an entity subject to suit."); Reese v. Chicago Police Dept., 602 F.Supp.

441, 443 (N.D.Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not suable entity). Inasmuch as the City of Mobile Police Department is not a suable entity under Alabama law, the claim against Defendant City of Mobile Police Department is frivolous and due to be dismissed.

Lee, 2007 WL 2460756 at *7.

Plaintiff has separately sued the City of Mobile, which is a proper party.  In light of this clear precedent, it appears that the inclusion of "Mobile Police Department" is improper and adds nothing to plaintiff's claims.

Accordingly, it is hereby RECOMMENDED that plaintiff's claims against defendant the "Mobile Police Department" made in the Third Amended Complaint be dismissed and that the action proceed against the remaining defendants.

*See* **Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE this the 3rd day of January, 2013.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C.§ 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a
> dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.